*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCVAY, Minors.

UNPUBLISHED
August 20, 2025
2:19 PM

No. 374567
St. Clair Circuit Court
Juvenile Division
LC No. 23-000166-NA

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK , JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to MLM and CRM, under MCL 712A.19b(3)(c)(*i*) and MCL 712.A.19b(3)(j). Because the trial court did not err by terminating respondent's parental rights, we affirm.

## I. BASIC FACTS

The circumstances leading to the petition in this case arose following respondent's involvement in child protective proceedings involving another of respondent's children, CJG. That child was removed from his mother's care and placed with respondent due to allegations of abuse and neglect related to the care he received from his mother. Approximately one year after that placement, Child Protective Services received a report of bed bugs and a lice infestation. A home visit revealed deplorable conditions, including feces on the porch and paint spilled on the carpet. A second home visit revealed that the conditions had deteriorated and now included a mouse, bed bug, and lice infestation. The children were reportedly visibly grimy and live insects were observed on them.

In addition to the deplorable home conditions, there were reports of domestic violence in the home. Specifically, respondent would yell and scream at his live-in girlfriend. When she tried to leave the home with the children, he followed her to the vehicle, engaged the emergency brake, and choked her with the seatbelt while the children screamed and cried in the back seat. Two of the children reported that they got out and tried to push the vehicle so that they could get away. And after the girlfriend successfully drove away from respondent, he chased them down on his motorcycle and threatened to kill his girlfriend if she took the children from him. One of the

children had an "accident" and vomited as a result of the encounter. The children were removed from his care.

Respondent was arrested and incarcerated for the domestic violence. While incarcerated, he completed an anger management class, a domestic-violence course, a substance abuse course, a parenting education class, and a life skills class. Upon release, he gained employment. He initially failed to provide verification of his income, and when he did it was determined that his income was insufficient to support himself and the children. Regardless, he also leased a three-bedroom house. The house, however, remained unfurnished throughout the proceedings, notwithstanding that he was referred to a program to assist him in obtaining furnishing. Additionally, respondent's utilities were completely shut off for non-payment.

Respondent participated in the majority of parenting time that was offered to him. However, he had difficulty managing all three children, and he struggled with one child's violent and angry outbursts. The child was very fearful of going home, not having necessities such as clothes or food, and then ending up back in the foster care system. That child struggled "very much with permanency or what's really happening." The other child at issue in this appeal also had some behavioral issue. Anger management and mental health also remained concerns. Respondent removed himself from the anger management waiting list, missed almost half of his CMH appointments, and was closed out of a housing-assistance program for noncompliance.

Eventually, a petition seeking termination of respondent's parental rights was filed with the court. The petition alleged that respondent had been referred to numerous services to rectify his issues regarding housing, mental health, and parenting skills, but had failed to comply. Further, MLM was prone to mood swings and violent outbursts, in which she would hurt herself and others. MLM's mood between outbursts was "persistently irritable or angry most of the day," and the outbursts occurred three times a week on average. CRM was the "frequent target for [MLM]'s physical abuse/aggression," and this constant stress caused CRM to exhibit "behaviors such as oppositionality, inappropriate sexual behavior, resistance to going to sleep, and frequent tantrums."

Following a termination hearing, the court found statutory grounds to terminate respondent's parental rights and that termination of his parental rights was in the best interests of the children. This appeal follows.

## II. STATUTORY GROUNDS

## A. STANDARD OF REVIEW

Respondent argues the trial court clearly erred in finding statutory grounds for termination existed. "We review for clear error the trial court's factual finding that there are statutory grounds for termination of a respondent's parental rights." *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (citation omitted).

## B. ANALYSIS

Termination is warranted under MCL 712A.19b(3)(c)(*i*) if the court finds by clear and convincing evidence:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . . .:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

In this case, it is undisputed that more than 182 days elapsed since the initial dispositional order was entered. Moreover, the conditions leading to adjudication included the deplorable conditions in the house and respondent's domestic violence. The record reflects that the conditions had not been rectified at the time of the termination hearing. Respondent had obtained housing, but it was unfurnished and he lacked sufficient income to support the children. Respondent did not have food or other necessities for the children. He was closed out of a program aimed to help him with housing issues for noncompliance. Further, although respondent completed an anger management class, he reported that he still had desires to fight people and was not taking his prescribed medication. Moreover, although additional anger management classes were recommended after his release from incarceration, the record reflects that he took himself off of the list. Given this record, we are not left with "a definite and firm conviction that a mistake has been committed," because "the totality of the evidence amply" supports respondent "had not accomplished any meaningful change" in the conditions that led to adjudication. See *In re Miller*, 347 Mich App at 425.

The record also supports that respondent would be unable to rectify this issue within a reasonable time considering the children's ages. See MCL 712A.19b(3)(c)(*i*). MLM and CRM had been in care for over a year when respondent's parental rights were terminated and he had not demonstrated improvement. Instead, he removed himself from an anger management class, continued to want to fight people, and was terminated from services for noncompliance. Given his lack of participation in important parts of the reunification plan and his lack of benefit from the services that he did participate in, the trial court did not clearly err by finding that respondent would be unable to rectify the condition in a reasonable time considering the ages of his children.[1]

---

[1] Given our conclusion, we need not specifically consider the additional grounds upon which the trial court based its decision. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009) (indication that only one ground for termination need be established).

### III.  BEST INTERESTS

### A.  STANDARD OF REVIEW

Respondent asserts that the trial court erred by finding that it was in his children's best interests to terminate his parental rights.  We review a trial court's best-interests determination for clear error.  *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

### B.  ANALYSIS

When determining best interests,

> the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the child[]'s well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citations omitted).]

In this case, the children were bonded with respondent.  However, they both demonstrated a need for stability.  MLM expressed fear related to her lack of permeance.  She had behavioral issues related to her worries about being returned to respondent's care and not receiving food or clothing and eventually being returned to foster care.  Her poor behavior, in turn, led to her sister also having behavioral issues.  Although respondent took some steps to reunify with the children, he was also noncompliant with some services and did not demonstrate a benefit from others.  He was not in a position to provide the children with the stability and permanency that they needed.  Further, he was unable to effectively parent both children while MLM was having issues.  And, despite assistance, he still was unable to provide them with suitable housing.  Both children were bonded with the foster parents, who were willing and able to provide for their needs and to give them stability and permanency.  Given this record, the trial court did not err by finding termination of respondent's parental rights to be in the children's best interests.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock